**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WILLIAM N. ODOM, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1335-F |
| | ) | |
| JOHN E. POTTER, Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

"Defendant Postmaster General's Motion to Dismiss," filed February 29, 2008, is before the court. (Doc. no. 8.) Any response to the motion was due March 18, 2008, but no response has been filed. Accordingly, the motion is subject to being confessed. LCvR7.2(g) ("Any motion that is not opposed within 18 days may, in the discretion of the court, be deemed confessed.").[1]

This action alleges employment discrimination claims based on the plaintiff's race, which is white. The discrimination claims allege retaliation for prior EEO activity by the plaintiff. Each of the three counts which comprise the complaint allege retaliation, in 2005, 2006 and 2007 respectively, for prior EEO activity by the plaintiff. The motion seeks dismissal under Rule 12(b)(6), Fed. R. Civ. P., of some but not all of the claims. In the "jurisdiction" portion of the complaint, plaintiff alleges that this action arises under Title VII, 42 U.S.C. § 2000e-16 and also under 42

[1] Although plaintiff appears *pro se* so that his pleadings are liberally construed, he is still required to follow the same rules of procedures that govern other litigants. Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

U.S.C. § 1981a.[2] The motion does not challenge claims to the extent they are alleged under Title VII; however, to the extent claims appear to be brought under §1981, the motion challenges those claims, arguing that § 1981 is not available to federal employees because a federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII. The motion also seeks dismissal of count one in its entirety.

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp., 127 S.Ct. at 1974 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id*.

The complaint alleges that plaintiff is a federal employee. As described in the complaint, it is clear that plaintiff's retaliation claims may be alleged under Title VII, 42 U.S.C. § 2000e-16. Title VII precludes claims under § 1981 for racial

---

[2]Title 42 U.S.C. § 1981a allows a prevailing plaintiff in an intentional employment discrimination case to recover compensatory and punitive damages. Bennett v. Calabrian Chemicals Corp. 324 F. Supp. 2d 815, 839 (E.D. Tex. 2004). This statute does not create a new substantive right or an independent cause of action; it simply enhances remedies otherwise available for intentional employment discrimination. *Id*. Accordingly, there is no such thing as a §1981a claim. *Id*. Therefore, although the complaint specifically references § 1981a, defendant's motion, and this order, reference only § 1981, and all such references are inclusive of claims for relief under §1981 or § 1981a.

discrimination against a federal employee because it preempts such claims. Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997). This preemption includes all constitutional claims by federal employees alleging retaliatory discrimination. Rockefeller v. Abraham, 58 Fed. Appx. 425, 428 (10th Cir. 2003), unpublished decision cited here pursuant to the criteria of Tenth Circuit Rule 36.3. Thus, to the extent any claims are also intended to be alleged under §1981, the court finds and concludes that the motion to dismiss should be granted on its merits. As an alternative basis to this ruling on the merits, the court finds that it is appropriate to deem this aspect of defendant's motion to dismiss confessed in light of the nature of the arguments.

Despite dismissal of any § 1981-based claims, each of the three retaliation claims remain as each is alleged under Title VII. Defendant argues that count one should be dismissed. Defendant argues that plaintiff has not alleged facts to support a *prima facie* claim of retaliation under Title VII because the adverse action complained of in count one occurred four years after the EEO activity upon which the retaliation claim is premised. Defendant attaches an exhibit intended to show that the prior EEO activity occurred in 2001, four years prior to the adverse employment action complained of in count one, which is alleged to have occurred in 2005. This exhibit is not referenced in the pleadings, and may or may not be central to the pleadings. The court does not wish to exclude this exhibit from its consideration. Accordingly, the most prudent course of action is to convert the issue of the viability of count one under Title VII to an issue for determination under the standards of Rule

56, Fed. R. Civ. P., rather than under the standards of Rule 12(b)(6).[3] The court gives notice that it now does so.

Therefore, any party who wishes to submit materials made pertinent to the viability of count one as alleged under Title VII, as that issue is now to be considered under the standards of Rule 56, may supplement the record with such materials within ten business days of the date of this order. Because plaintiff is *pro se*, the court cautions plaintiff that any evidentiary material must comply with the requirements of Rule 56 in order to be considered by the court when it rules on the converted motion. For example, if plaintiff takes issue with the authenticity or accuracy of the exhibit attached to defendant's motion as exhibit one, plaintiff must provide the evidentiary basis for any such challenge, and must do so in a format which meets the requirements of Rule 56. If either party files such a supplement, the opposing party may then, within the next five business days, file any responsive supplemental material. If no supplemental material is filed, the court will determine the motion based on the arguments and evidence now before it, presuming the authenticity and accuracy of defendant's exhibit one.

Finally, the court notes defendant's statement that it intends to file a motion for summary judgment at a later stage with respect to the other counts. Nothing stated in this order affects defendant's ability to do so without leave of court.

After careful consideration, the motion to dismiss is **GRANTED** in part. Specifically, to the extent this action purports to seek relief under 42 U.S.C. § 1981, the motion is granted, and such claims for relief are **DISMISSED** with prejudice

[3] *See*, Rule 12(b)("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

because they are not viable as a matter of law. With respect to the question of the viability of count one under Title VII, a ruling on the motion is **DEFERRED** pending possible supplementation of the record by the parties.

Dated this 20th day of March, 2008.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1335p002(pub).wpd