**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| WILLIAM N. ODOM, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-1335-F |
| | ) | |
| JOHN E. POTTER, Postmaster | ) | |
| General, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The only issue which remains for determination following the court's order of March 20, 2008 (doc. no. 11) and the parties' supplemental filings is whether defendant's motion to dismiss plaintiff's retaliation claim alleged in Count 1 of the Complaint, which has now been converted to a motion for summary judgment, should be granted. (Original motion at doc. no. 8.) Plaintiff did not file a response to the original motion, but after the court converted this remaining aspect of the motion, plaintiff and defendant filed supplemental materials. Plaintiff now objects to the motion and presents evidence in support of those objections. (Doc. no. 12.) Plaintiff appears *pro se*, and his pleadings are liberally construed.

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In

determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

It is undisputed that the retaliation alleged in Count One is premised on protected EEO activity which occurred in May of 2001. It is also undisputed that the conduct which plaintiff challenges as retaliatory -- defendant's cancellation of a job vacancy and related job announcement previously posted by the defendant -- occurred in May of 2005. Defendant's motion challenges the viability of plaintiff's claim that the cancellation was retaliatory, arguing there is no evidence of a causal connection between the protected activity and the adverse employment action, which is one of the elements of a *prima facie* case. *See*, Williams v. Rice, 983 F.2d 177, 181 (10th Cir. 1993) (*prima facie* retaliation case requires evidence that the adverse employment action was causally connected to protected opposition of discriminatory practices).

Plaintiff makes a variety of arguments and presents twelve exhibits, all of which the court has carefully reviewed along with the rest of the record. The primary evidentiary arguments made in plaintiff's papers are that there is some evidence of a causal connection, because:

1)   During the course of the administrative processing of plaintiff's retaliation complaint, the Office of Federal Operations of the Equal Employment

Commission found that plaintiff had stated a claim for retaliation for protected activity in May of 2001, based on cancellation of the job vacancy in May of 2005;[1]

2)      After plaintiff applied for the vacancy in question he received a memorandum stating the vacancy had been cancelled without stating a reason for the cancellation; this was the first time plaintiff had received a memorandum rather than a letter concerning an application for a position with the Postal Service;

3)      Emails indicating that communications between and among federal supervisory employees about the cancellation of the job vacancy could have been altered (the emails indicate the vacancy was cancelled because the employee who had planned to vacate that job was not going to vacate it after all, for reasons relating to her eligibility to move into the new job she had planned to take);

4)      The emails indicate that the employee who was going to vacate the job in question was located in Phoenix, Arizona when she was emailed about the situation, but the affidavit of O.D. Curry (Manager, Labor Relations, EAS-Level 22, for the Oklahoma District), who the evidence indicates made the decision to cancel the job vacancy, contradictorily indicates that this employee was still working in Oklahoma City at the time of the emails;

5)      Another federal employee, Robert McCoy (Labor Relations Specialist, EAS-19), was the Postal Service Officer present at the mediation of plaintiff's prior EEO complaint with the power to resolve the matter on behalf of the Postal Service; in his declaration (doc. no. 12, ex. 12, p. 2), plaintiff claims to "have knowledge" that Mr. McCoy, as Labor Relations Specialist, reported to Mr. Curry, Manager of Labor

---

[1]The OFO finding that plaintiff had stated a claim (doc. no. 12, ex. 2) was based on different grounds than those now before this court. The finding resulted from a challenge to plaintiff's claim based on the argument that plaintiff was not "aggrieved" because the adverse action (cancellation of a job vacancy in 2005) was not a personal loss or harm with respect to a term, condition, or privilege of his employment. The OFO decision did not consider whether the claim failed for lack of evidence of causal connection.

Relations of the District, and that Mr. Curry was the same individual who had responsibility for vacancies in the Oklahoma District; thus, plaintiff argues "[t]he causal connection between the protected EEO activity...and the adverse employment action is that the alleged responsible officials are the same individuals," (doc. no. 12, unnumbered p. 8); and,

6)      Mr. McCoy was supervised and directed Mr. Curry, and was required by Mr. Curry to attend the mediation of plaintiff's prior EEO complaint, so that, contrary to Mr. Curry's statements, Mr. Curry must have been aware of plaintiff's prior EEO activity.[2]

None of the above arguments, and none of the above evidence, nor any other record evidence, constitutes direct evidence of retaliation.

Lacking direct evidence, retaliatory motive can be inferred from the fact that an adverse employment action follows charges by an employee against his employer; such an inference can be made where close temporal proximity exists between the bringing of charges and the subsequent adverse action. Candelaria v. EG&G Energy Measurements, Inc., 33 F.3d 1259, 1261-62 (10th Cir. 1994). Here, the undisputed facts show that approximately four years elapsed between the protected activity and the adverse action complained of in Count One. This is not a sufficiently close temporal proximity to support an inference of retaliatory motive. *See*, Candelaria, *id.* at 1261 (three years between plaintiff's charges and failure to promote was not evidence of temporal proximity so as to support inference of retaliatory motive so that district court erred in finding retaliation); and cases cited at 1262, (describing when

---

[2]Although not necessary to the court's ruling, the court notes Mr. Curry's statement that, as the individual who notified the Personnel Services Manager to cancel the vacancy, and also as the individual who would have been the selecting official for the vacancy announcement had the announcement not been cancelled, he was not aware, at that time, that plaintiff had applied for the position. (Doc. no. 12, ex. 7, aff. B., p. 3 of 9.)  Plaintiff has not disputed this statement.

temporal proximity is not sufficient to satisfy *prima facie* elements of retaliation). None of the evidence identified by plaintiff suggests a causal connection has been indirectly shown, or could be inferred, for any reason other than temporal proximity.

Applying the liberal standards of Rule 56, and construing all disputed facts and inferences in plaintiff's favor, there is insufficient evidence of a causal connection for purposes of a *prima facie* case. Accordingly, after careful consideration of the parties' submissions, the pleadings, and the relevant authorities, the court concludes that defendant is entitled to summary judgment in its favor on Count One, and defendant's converted motion for summary judgment is **GRANTED** to that extent.

This ruling, taken in conjunction with the court's order of March 20, 2008, means that defendant's motion (doc. no. 8) has now been **GRANTED** in all respects. The retaliation claims alleged in Counts Two and Three of the Complaint remain for trial.

Dated this 11th day of April, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1335p003(pub).wpd