IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM N. ODOM, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  CIV-07-1335-F |
| ) | |
| JOHN E. POTTER, Postmaster General, ) | |
| ) | |
| Defendant. ) | |

## ORDER

"Defendant Postmaster General's Motion for Summary Judgment," filed August 1, 2008, is before the court. (Doc. no. 24.) Although the time is past for any response, plaintiff, who appears *pro se* and whose pleadings are liberally construed, has not objected to the motion.[1] Nor has plaintiff sought an extension of time to respond to the motion. Accordingly, the motion is ready for determination.

This action is brought by plaintiff, who alleges he is a white male, employed by the United States Postal Service as a Stamp Supply Clerk, PS-6, at the Memphis, Tennessee Post Office. Each of the three counts which comprise the complaint allege retaliation, in 2005, 2006, and 2007, respectively, for prior EEO activity by the plaintiff. Prior rulings by this court dismissed plaintiff's claims to the extent they

---

[1] The court has previously advised the plaintiff (doc. no. 11) that although he appears pro se, he is required to follow the same rules of procedure that govern other litigants, *see*, Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), and that any motion not opposed within 18 days may be deemed confessed. LCvR7.1(g). Furthermore, plaintiff is familiar with the procedure for contesting facts presented for purposes of summary judgment, because a portion of defendant's earlier motion to dismiss was converted by the court to a motion for summary judgment. At that time, the court referred plaintiff to Rule 56, Fed. R. Civ. P., and to the requirements of that rule. (Doc. no. 11, p. 4.) Plaintiff responded to the converted motion with arguments and evidence, including documentation and his own declaration. (Doc. nos. 12, 13.)

were brought under 42 U.S.C. § 1981, and granted defendant summary judgment on the retaliation claim alleged in count one. (Doc. nos. 11, 15.) Accordingly, the only claims that remain are Title VII retaliation claims alleged in counts two and three of the complaint. Count two alleges retaliation consisting of plaintiff's non-selection for a position vacancy in early 2006, and count three alleges retaliation consisting of plaintiff's non-selection for a second position vacancy in early 2007. Defendant's motion for summary judgment challenges the viability of both remaining claims.

Under Rule 56(c), Fed. R. Civ. P., summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

The motion seeks judgment based on defendant's position that defendant has come forward with legitimate, non-discriminatory reasons for the employment decisions at issue, and that plaintiff has failed to show there is a genuine issue of material fact regarding pretext and the ultimate issue of discrimination. *See*, Texas

Dept. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981) (describing burden shifting framework for Title VII cases at summary judgment stage), citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804-05 (1973).  In support of the motion, defendant sets out 52 numbered facts which defendant contends are not controverted. After review, the court finds that defendant's evidence supports these 52 contentions and that none of the 52 numbered facts have been controverted.

More specifically, with respect to the first retaliation claim (count two), uncontroverted evidence shows that plaintiff failed to meet the published criteria for persons eligible to apply for the position in question, and that plaintiff failed to submit his application before the published closing date.  Furthermore, although plaintiff contends his application for the 2007 vacancy was sabotaged so as to delay defendant's receipt of the application, there is no evidence of sabotage.  In that regard, it is undisputed that the individuals accused of sabotage did not know plaintiff had applied for the vacancy in question until almost four months after the closing date for applications.  With respect to the second retaliation claim (count three), uncontroverted evidence shows that plaintiff failed to qualify as a person eligible for the position in question.

Given the above findings, the court concludes that defendant has satisfied his burden to come forward with evidence of legitimate, non-discriminatory reasons to explain why plaintiff was not selected for the jobs in question.  A plaintiff may establish that a defendant's stated reasons for its conduct are merely pretext, by revealing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact-finding could rationally find the reasons unworthy of credence. E.E.O.C. v. Horizon/CMS Healthcare Corp., 220 F.3d 1184, 1198 (10th Cir. 2000). Evidence sufficient to raise a genuine question as to whether an employer's proffered

explanation is pretextual may take a variety of forms. *Id.* Based on the above-stated findings, and based on its review of the record, the court finds no evidence of pretext. *Id.* Additionally, there is no evidence to support plaintiff's contention that his prior EEO activity was a factor in the selection process with respect to either of the positions in question.

The court concludes that defendant is entitled to summary judgment in his favor on the only remaining claims in this action (counts 2 and 3), because there is no evidence of pretext. Defendant's motion for summary judgment is **GRANTED**.

Dated this 29th day of August, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

07-1335p006(pub).wpd